## ZEPPENFELDT v. COMPAGNIE DES SUCRERIES DE PORTO RICO.

### APPEAL from the District Court of Ponce.

No. 328.—Decided January 11, 1909.

NONPERFORMANCE OF CONTRACT—CAUSE OF ACTION.—It is stated in the complaint that plaintiff and defendant entered into a contract, for the management of certain mercantile establishments, for a period of one year, and according to the allegations of the complaint, it was expressly agreed between the contracting parties that upon the expiration of the contract both parties would be at liberty to quit or to continue the business, mutually agreeing whether to continue under the same conditions, or introduce such modifications as might be deemed proper; it being understood that, "should they continue in the aforesaid business and the general balance prove satisfactory to the same, demonstrating thereby the good management of Mr. Zeppenfeldt, he would be entitled to preference for the continuance thereof, the company then to reject any other proposition that might be presented by new aspirants, taking into consideration the efforts made by Mr. Zeppenfeldt for the success obtained. It was also stipulated that if, after accepting said contract, any of the parties desired to elude the performance of what had been stipulated, the party so desiring would be liable to the prejudiced party for such damages as might be caused him, to be determined by three amicable compounders." It is also alleged that the general balance of the business resulted to the satisfaction of the company, and was so recognized by the company when they approved it; that the plaintiff complied with each and every one of the conditions stipulated in the contract, and received the approval and congratulations of the board of directors of the company, notwithstanding which the company did not retain his services. *Held:* That the complaint contains sufficient facts to establish a cause of action, and that therefore the demurrer should not have been sustained.

The facts are stated in the opinion.

*Mr. Gustavo Rodríguez* for appellant.

*Messrs. Hartzell & Rodríguez Serra* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

In the District Court of the Judicial District of Ponce this complaint was brought, which literally reads:

"The plaintiff, Carlos Zeppenfeldt, through his counsel, Gustavo Rodríguez, complying with the order of the court, amends the present complaint as follows: First, The defendant is a stock company with domicile in Paris, France, incorporated in this Island under the laws thereof; it has an office in Ponce, and Mr. Oscar Girol is its acting

manager; Second, On November 26, 1906, the defendant company made a contract with the plaintiff which was set forth in a public document executed before Notary Francisco Parra Capó, and whereby the stores or mercantile establishments said company had on their estates "Fortuna." "Luciana," "Cristina," "Serrano" and "Union" were turned over to the plaintiff to be managed by him under the terms stipulated in the contract; Third, The period fixed for the duration of said contract was one year, viz., from December 1, 1906, to December 31, 1907. And it was expressly agreed between the contracting parties that upon the expiration of the contract both parties would be at liberty to quit or to continue the business, mutually agreeing whether to continue under the same conditions, or introduce such modifications as might be deemed proper. (Clause 18.) It being understood that should the company continue in the aforesaid business, and the general balance prove satisfactory to the same, demonstrating thereby the good management of Mr. Zeppenfeldt, he would be entitled to preference for the continuance thereof, the company then to reject any other proposition that might be presented by new aspirants, taking into consideration the efforts made by Mr. Zeppenfeldt for the success obtained (Clause 12); Fourth, It was also stipulated (Clause 22) that if, after accepting said contract, any of the parties desired to elude the performance of what had been stipulated the party so desiring would be liable to the prejudiced party for such damages as might be caused him, to be determined by three amicable compounders; Fifth, Under this contract the plaintiff. at the appointed date, entered upon his duties as manager, and in compliance with the terms thereof gave up the situation he had to that moment been filling in an important commercial concern of this city which, in addition to his salary, had agreed to give him a share in the profits of the business; Sixth, When the plaintiff took charge of the defendant's stores, on December 1, 1906, the capital thereof amounted to only $372.04, and at the termination of the year under the contract, namely, December 31, 1907, the company had received $794.02, for their share of the profits under the contract, the stores being returned to them by the plaintiff with a capital amounting to $5,199.85, free from liabilities, all the stock in good condition, and all the expenses and engagements of the plaintiff's management covered to date; Seventh, The general balance of said business, during the year of plaintiff's management, resulted to the satisfaction of the company, since the small capital the plaintiff had received had been returned by him to the defendant considerably increased and without liabilities, after yielding the profits. This was recognized by the defendant company when, at the termina-

tion of the management, a general balance was struck, to which they gave their approval; Eighth, During the year of his management the plaintiff strictly complied with each and every one of the conditions stipulated in the contract, and received the approval and congratulations of the board of directors of the company in this city for his wise administration of the business; Ninth, Notwithstanding the satisfactory result obtained during the plaintiff's management, and despite the express agreement under clauses 18 and 19 of the contract, the defendant company ordered the plaintiff to deliver the stores to Liborio Hernández, and continued with the latter the business of the management of aforesaid stores from January 1, of the present year, under the same conditions that had been stipulated with the plaintiff, changing only the particular referring to the manner of dividing the profits. This contract with Hernández was entered in a public document executed before Notary Parra Capó; Tenth, The defendant company, by failing to give preference to Zeppenfeldt upon the continuation of the business, violated clauses 18 and 19 of the contract, and has deprived the plaintiff of the profits which he necessarily would have obtained during the year the business was turned over to Hernández, for, considering the direction and good management the plaintiff had given to said business, the result must have been satisfactory. It has also deprived him of the profits that were assured to him in the position he had left in order to enter upon the duties stipulated in the contract with the company; Eleventh, The defendant, by reason of its nonperformance of what had been agreed to in its contract with the plaintiff has caused damages to the latter amounting to $2,500; Twelfth, The plaintiff has invited the defendant, in conformity with the terms of clause 22 of the contract, to submit the settlement of the question to the decision of friendly compounders, and it has refused to do so. Wherefore, the plaintiff prays the court that judgment be rendered in its favor and against the defendant company condemning the latter to pay to the former the sum of $2,500, as indemnity for nonperformance of the contract entered into with the plaintiff, as set forth in this complaint; and, further, to adjudge the defendant to the payment of the costs of the proceedings. Ponce, P. R., August 11, 1908. Gustavo Rodríguez, Counsel for Plaintiff.''

The defendant company filed a demurrer, alleging that the complaint does not state facts sufficient to constitute a cause of action, and prayed that the complaint be dismissed, with costs against the plaintiff.

The court, after hearing the written allegations of the parties, by judgment entered September 4, 1908, admitted the demurrer and dismissed the complaint, with costs against the plaintiff, Carlos Zeppenfeldt. From this judgment the plaintiff took an appeal bringing to this Supreme Court copies of all the papers which in the present case constitute the record of the appeal, certified by both attorneys for the contending parties. Both in their briefs and pleadings, they have sustained their respective points of view, the party appellant praying that the judgment be reversed and the respondent that it be affirmed.

We have begun by quoting the complaint in full, because the simple perusal thereof is sufficient to show *prima facie* that it complies with all the requirements necessary to constitute the cause of action here sought to be established.

Indeed, the complaint contains all the elements of fact constituting the contract by public document of November 26, 1906, entered into between the plaintiff and the defendant company.

Moreover, it is clearly stated in the complaint, that the general balance was satisfactory, that the small capital was returned multiplied and without liabilities of any sort, after yielding the profits, that it was approved by the company, and that the manager received the congratulations of the board of directors for his able conduct of the business.

Congratulations are not bestowed when the bestower is not satisfied with the recipient thereof.

It is added that each and every one of the terms of the contract were complied with, and notwithstanding the satisfactory result, the contract was violated by the party defendant in delivering the stores to another person named Liborio Hernández, when under the terms, as stated in the complaint, the company was bound to continue the business with the plaintiff, Carlos Zeppenfeldt, who adds that he has sustained damages, fixes the amount thereof and sets forth the facts giving rise to the causes of said damages.

A complaint thus presented, should not in justice, be lightly dismissed.

A *demurrer* has in the law, among other objects, that of preventing suits and the attending needless expenses. But in the present case something serious appears, *prima facie,* in the complaint, which rests upon a contract by public document and contains the elements of fact showing the nonperformance of the contract and determining the consequent indemnity, which is the action exercised in the present case.

This complaint, therefore, should be prosecuted without prejudice of any kind, allowing the evidence submitted by both parties to clear up all the allegations made in the complaint and answer, and with a perfect knowledge of the questions discussed, a judgment must be rendered in conformity with law.

For all the foregoing reasons the judgment appealed from, rendered by the District Court of Ponce, September 4, 1908, is reversed, said court to proceed in this case as may be proper, in accordance with the law.

*Reversed.*

Justices Hernández and MacLeary concurred.

Mr. Justice Wolf dissented.

Mr. Chief Justice Quiñones did not take part in the decision of this case.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

I dissent from the judgment in this case. Examination of the terms of the contract as alleged in the complaint discloses provisions therein which are mutually destructive of one another; the parties first seem to have agreed that at the expiration of one year's employment both parties should be at liberty to either quit or continue the relationship of employer and employed, which provision is wholly contradictory to the further provisions occurring later in the contract contemplating that if at the expiration of a year the

performance of the duties of management by the plaintiff should have proved satisfactory he would be entitled to preference over others for employment thereafter. In such a state of contradictory provisions it would seem that that part of the agreement relating to the plaintiff's preferential right to employment over others would have to be subordinated to the former provision leaving both parties at liberty to discontinue the relationship.

Furthermore, the contract set up in the complaint is silent as to the length of time that the plaintiff should be employed even in the event of his preferential right to such employment being recognized. It could not be pretended that this was a contract for the life of the complainant conjointly with the continuance of the operations of the company in Porto Rico. So far as anything to the contrary is disclosed in the agreement alleged, the Sucreries Co., defendant, might have employed him for one day, or less, and then dismissed him from their service.

These considerations result in my being forced to the conclusion that the contract sued upon discloses no cause of action, because of the self-contradictory terms of the provisions thereof, and further that even if a breach thereof were technically actionable, it would be impossible for a court to find any tangible length of time upon which to find a measure for the damages suffered by the plaintiff, for the reason that the employment contemplated beyond the year has no stated duration.